IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FABIOLA PRICE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-3554-N-BK |
| | § | |
| U.S. BANK, N.A., | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

This case has been referred to the undersigned for pretrial management under *Special Order 3*. The Court now considers Defendant's *Motion to Dismiss*, Doc. 5. For the reasons the follow, it is recommended that Defendant's motion be **GRANTED**.

**I.  BACKGROUND[1]**

Plaintiff challenges the impending foreclosure sale of her real property located at 5089 Tersk Court, Grand Prairie, Texas 75052 (the "Property"), purchased by Plaintiff and her husband in 2005. Doc. 5-6 at 1-2. To purchase the Property, on December 30, 2005, the Prices executed a $357,198 note and deed of trust in favor of Fremont Investment and Loan. Doc. 5-6 at 2. Prior to the events giving rise to this case, Plaintiff defaulted on her mortgage payments and, in December 2012, sued Defendant in state court for, *inter alia*, injunctive relief preventing the foreclosure sale of the Property. *Price v. U.S. Bank, N.A*, No. 13-CV-0175-O, Dkt. 1-3 at 5-6 (N.D. Tex. 2013) (O'Connor, J.). That case was removed to this Court, where Defendant moved to dismiss for failure to state a claim in January 2013. No. 13-CV-0175-O, Dkt. 8. While the motion was pending, Plaintiff filed another suit in state court alleging wrongful foreclosure and seeking injunctive relief to halt the foreclosure. *Price v. U.S. Bank, N.A.*, No. 13-CV-0783, Dkt.

---

[1] The Court draws some of the background of this case from Magistrate Judge Irma Ramirez's previous *Findings, Conclusions, and Recommendations* in Case No. 13-CV-0175, included as an attachment to Defendant's motion to dismiss.

1-3 at 3-5 (N.D. Tex. 2013) (Boyle, J.).  That case was also removed to this Court, No. 13-CV-0783-B, Dkt. 1, and ultimately consolidated with the first under No. 13-CV-0175-O, Dkt. 10.  After Plaintiff amended her complaint to allege additional causes of action, Doc. 5-5, the Court dismissed the case for failure to state a claim.  Doc. 5-6 (Findings, Conclusions and Recommendation of the Magistrate Judge); Doc. 5-7 (Order Accepting); Doc. 5-8 (Judgment).

Proceeding without the assistance of counsel, Plaintiff filed this lawsuit in state court and Defendant subsequently removed the action to this Court.  Doc. 1.  In her petition, as amended by handwritten notes on the original, Plaintiff requests injunctive relief preventing her eviction from the Property, and alleges a cause of action for "wrongful forecloser [sic]," averring: "US National Bank agreed to sell me my property back and we put in a contract it was accepted and then they backed out."  Doc. 1-1 at 19.  Defendant moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) as barred by res judicata and for failure to state a claim Doc. 5.  Plaintiff did not respond to the motion despite being ordered to do so.  Doc. 7.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial."  Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity.  Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).  A pleading that offers "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Generally, a party cannot premise a motion to dismiss under Rule 12(b)(6) on the affirmative defense of *res judicata*. *Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n. 3 (5th Cir. 1977). However where, as here, the elements of *res judicata* are apparent from the pleadings and matters of which the Court may take judicial notice, dismissal pursuant to Rule 12(b)(6) is appropriate. *Kan. Reinsurance Co. v. Mktg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citations omitted); *Lexxus Int'l, Inc. v. Loghry*, 512 F. Supp. 2d 647, 668-69 (N.D. Tex. 2007) (Lindsay, J.). The Court may take notice of the judicial record in prior related proceedings. *Reneker v. Offill*, No. 08-CV-1394, 2010 WL 1541350 at *5 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) (citing *Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995).

### III.  DISCUSSION

Defendant argues that the Court's dismissal of Plaintiff's claims in Case number 13-CV-0175-O (*Price I*) constitutes a final judgment on the merits in connection with its foreclosure of the Property, and Plaintiff's current claims are thus barred by *res judicata*. Doc. 5 at 11-13. Alternatively, Defendant asserts that Plaintiff's handwritten amendments to her petition in this case, which Defendant construes as a claim for breach of contract, fail to state a claim because she fails to attach or identify with specificity any agreement or contract, be it oral or written. Doc. 5 at 13. Defendant also notes that the statute of frauds would prevent any oral agreement from being enforceable. Doc. 5 at 14.

It is obvious from the face of Plaintiff's petition that all of her claims are barred by *res judicata*. The rule of *res judicata*, or claim preclusion, "bars litigation of claims that either have been litigated <u>or could have been raised</u> in an earlier suit." *Test Masters Educational Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (emphasis added). "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* To determine whether both suits involve the same cause of action, the Court of Appeals for the Fifth Circuit employs a transactional test -- a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction out of which the original action arose. *Petro-Hunt LLC v. United States*, 365 F.3d 395-96 (5th Cir. 2004). Thus, *res judicata* precludes "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Southmark Props. v. Charles House Corp.*, 747 F.2d 862, 872 (5th Cir. 1984)

    Here, for the third time, Plaintiff has filed suit in state court in an attempt to avoid foreclosure. Upon removal, however, this Court previously ruled squarely against her. In *Price I*, which involved identical parties, this Court rejected Plaintiff's myriad of challenges to the foreclosure sale of her home and dismissed her claims <u>with prejudice</u>. Doc. 5-6; Doc. 5-8. This is precisely the type of final judgment *res judicata* contemplates. Plaintiff's allegations in this case clearly involve the same set of operative facts as those in *Price I*. Thus, even to the extent that Plaintiff is now pursuing relief under a different legal theory than previously presented, such claim would nonetheless be barred because it could have been brought in the *Price I*.[2]

---

[2] Although not necessary to the disposition if the case, the Court notes that Defendant is correct that the statute of frauds would bar Plaintiff's breach of contract claim to the extent she contends

The proper recourse after receiving an adverse ruling from this Court was to appeal the judgment to The Court of Appeals for the Fifth Circuit, not file a subsequent lawsuit in state court.  Although Plaintiff filed a notice of appeal in *Price I*, she failed to pursue it.  No. 13-CV-0175, Dkt. 23 (dismissing Plaintiff's appeal for want of prosecution).  Consequently, Plaintiff's claims in this latest action should be dismissed as barred by *res judicata*.

## IV.  LEAVE TO AMEND

Ordinarily, the Court would recommend that Plaintiff be permitted to amend her complaint to cure the pleading defects identified by Defendant.  See *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (holding that a district court should allow the plaintiff at least one opportunity to cure pleading deficiencies "unless it is clear that the defects are incurable").  The decision whether to grant a motion to amend is generally left to the sound discretion of the district court.  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).  Here, however, Plaintiff's allegations have previously been dismissed with prejudice by this Court <u>after</u> Plaintiff was given opportunity to amend.  Consequently, granting leave to amend now would be futile and cause needless delay.  See *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

---

that she had an oral agreement with Defendant to re-purchase her home.  See TEX. BUS. & COMM. CODE § 26.01(b)(4) (requiring agreements pertaining to the sale of real estate to be in writing).

## V.  CONCLUSION

Accordingly, it is recommended that Defendant's *Motion to Dismiss*, Doc. 5, be **GRANTED**.  Plaintiff's petition should be **DISMISSED WITH PREJUDICE** and this case closed.

**SO RECOMMENDED** on March 2, 2015.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE